**CLERK OF U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
225 CADMAN PL. ZA EAST
BROOKLYN, NY 11201

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE $300

NEW YORK
NY 100
09 NOV '15
PM 10 L

neopost
11/09/2015
US POSTAGE $000.48⁵·



FIRST-CLASS MAIL

ZIP 11201
041M11271726

Chase A. Scolnick
Federal Defenders of New York, Inc.
One Pierrepont Plaza, 16th Floor
Brooklyn, NY 11201

NIXIE      101   SE 1009       0011/21/15
          RETURN TO SENDER
     NOT DELIVERABLE AS ADDRESSED
          UNABLE TO FORWARD

BC: 11201183299     *2645-08495-09-44

11201@1832
11201330201

**UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF NEW YORK
225 CADMAN PLAZA EAST
BROOKLYN, N.Y. 11201

CHAMBERS OF
FREDERIC BLOCK
U.S. DISTRICT JUDGE

11/6/15

IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   NOV 30 2015   ★

BROOKLYN OFFICE

Re.: USA v. DOMENECH
CR-15-13 (FB)

Dear Counsel,

Please find enclosed a copy of the probation department's sentencing recommendation in the above case which is currently scheduled for sentencing on 12/8/15 AT 3:30PM J. Block has adopted a policy whereby he now discloses the sentencing recommendation of the probation department. The recommendation will be mailed to you and only this letter is being ECF filed.

If you should have any further questions feel free to contact me at (718) 613-2425.

Respectfully,

Michael Innelli
Case Manager

U.S.A. v. Tanya Domenech
Docket #: 15-CR-013-01
Sentence Date: December 8, 2015

## U.S. PROBATION DEPARTMENT SENTENCE RECOMMENDATION

**16 months custody; 3 years supervised release with the following special conditions of release:**

1) The defendant shall participate in a mental health treatment program as approved by the Probation Department. The defendant shall contribute to the cost of such services rendered and/or any psychotropic medications prescribed to the degree he or she is reasonably able, and shall cooperate in securing any applicable third-party payment. The defendant shall disclose all financial information and documents to the Probation Department to assess her ability to pay;

2) The defendant shall participate in an outpatient drug treatment program approved by the Probation Department. The defendant shall contribute to the costs of such treatment not to exceed an amount determined reasonable by the Probation Department's Sliding Scale for Substance Abuse Treatment Services, and shall cooperate in securing any applicable third party payment, such as insurance or Medicaid. The defendant shall disclose all financial information and documents to the Probation Department to assess his or her ability to pay. The defendant shall not consume any alcohol or other intoxicants during and after treatment, unless granted a prescription by a licensed physician and proof of same is provided to the Probation Department. The defendant shall submit to testing during and after treatment to ensure abstinence from drugs and alcohol; and

3) The defendant shall not possess a firearm, ammunition, or destructive device;

**a $100 Special Assessment.**

### COMMENTS:

This 30-year-old defendant is awaiting sentence for her conviction of importation of cocaine into the United States. She was a minimal participant in the instant offense, and has not yet satisfied the "safety-valve." The defendant has one prior conviction for uttering a forged instrument, grand theft in the third degree, and criminal use of personal identification information. She was sentenced to probation. She has multiple other arrests, resulting in deferred prosecution, diversion programs or dismissals.

The defendant was born in Lawrence, Massachusetts, where she and her siblings were raised by their parents under middle-income circumstances for the first 12 years of the defendant's life. The defendant maintains fair relationships with her family members.

When she was 12, the defendant's parents separated due to the father's incarceration. Around the same time, the defendant was sexually molested by an uncle on multiple occasions. As a

teenager, the defendant was raped on four occasions by different assailants. Since the age of 13, the defendant has intermittently received mental health treatment, and she was hospitalized for mental health problems on multiple occasions. The defendant was diagnosed with Bipolar Disorder and Schizoaffective Disorder. She continues to receive treatment and is prescribed psychotropic medications at the MDC in Brooklyn, New York. Prior to her incarceration, the defendant had a long history of self-medicating her condition with illicit drug use and alcohol, as she does not like the effects of the prescribed medications. Based on the defendant's verified mental health diagnosis and her extensive substance abuse history, mental health treatment and substance abuse treatment are recommended as a condition of supervised release.

The defendant has four children (ages 6, 7, 8 and 13) from four prior relationships. She does not have custody of any of the children, and does not provide financial support for them. She has not had contact with the two younger children in three years. The defendant is a high school graduate and successfully completed a certificate program for medical assistant. She has a limited work history, primarily in restaurants. Due to her mental health problems, the defendant is attempting to obtain Social Security disability benefits. Prior to the instant arrest, the defendant resided with her mother and eldest child in Homestead, Florida. The mother verified that the defendant was not required to contribute to household expenses and may return to the home upon release from custody.

The defendant is facing an advisory guideline range of 24 to 30 months custody. No aggravating sentencing factors have been identified by the Probation Department. The defendant's serious mental health history has been considered in the formulation of the sentencing recommendation of 16 months custody, which is below the guideline range. The Probation Department views a below guideline range sentence as sufficient, but not greater than necessary, to comply with the goals set forth in 18 U.S.C. § 3553(a).

Based on the defendant's financial profile, a fine has not been recommended.

Michelle Espinoza – November 5, 2015
(347) 534-3757

*[signature]*
11/5/15