

*U.S. Department of Justice*

*United States Attorney*
*Eastern District of New York*

| | |
|---|---|
| LKG | *271 Cadman Plaza East* |
| F. #2015R0072 | *Brooklyn, New York 11201* |

December 7, 2015

<u>By ECF</u>

The Honorable Frederic Block
United States District Judge
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: <u>United States v. Tanya Domenech</u>
      <u>Criminal Docket No. 15-13 (FB)</u>

Dear Judge Block:

  The government respectfully submits this letter in anticipation of the defendant's sentencing scheduled for December 8, 2015, at 3:30 p.m. For the reasons stated below, the government respectfully requests that the Court impose a sentence within the applicable United States Sentencing Guidelines (the "Guidelines") range of 18 to 24 months' imprisonment.

I. <u>Background</u>

  On January 2, 2015, at John F. Kennedy International Airport ("JFK"), a Customs and Border Protection ("CBP") officer arrested the defendant after a search of her suitcase revealed approximately 972 grams of cocaine hidden under a false bottom. <u>See</u> Presentence Investigation Report ("PSR") at ¶ 2. [1] The defendant, a United States citizen, was returning to the country from Montego Bay, Jamaica. <u>Id.</u>

  The defendant was indicted by a Grand Jury in this District on two counts: knowingly and intentionally importing a controlled substance into the United States in violation of 21 U.S.C §§ 952(a), 960(a)(1), and 960(b)(3), and knowingly and intentionally possessing with the intent to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). On August 20, 2015, the defendant pleaded guilty before Magistrate Judge Marilyn D. Go to Count One of the indictment. <u>Id.</u> at ¶ 1.

---

[1] The government has no objection to the PSR, and agrees with the revised Guidelines calculation as set forth in the Addendum to the PSR.

II.  Guidelines Calculation

Based on the foregoing, the government sets forth the following Guidelines calculation:

| | |
|---|---:|
| Base Offense Level (§§ 2D1.1(a)(5) and 2D1.1(c)(8)) | 24 |
| Less: Minimal participation role adjustment (§ 3B1.2(a)) | -4 |
| Less: Acceptance of responsibility (§ 3E1.1(a)) | -2 |
| Less: Acceptance of responsibility (§ 3E1.1(b)) | -1 |
| Less: Safety valve treatment (§§ 2D1.1(b)(17) and 5C1.2) | -2 |
| Total: | <u>15</u> |

The defendant's total offense level is 15, and her criminal history category is I. As such, the defendant's Guidelines imprisonment range is 18 to 24 months.

III.  Section 3553(a) Factors

We recognize that, pursuant to the United States Supreme Court's decisions in <u>United States v. Booker</u>, <u>Kimbrough v. United States</u> and <u>Gall v. United States</u>, the Guidelines are advisory rather than mandatory, and the sentencing court has the authority to fashion a reasonable and appropriate sentence in a given case. Under <u>Booker</u>, the sentencing court must consider the Guidelines in formulating an appropriate sentence, along with all the factors in 18 U.S.C. § 3553, which include the nature and circumstances of the crime, the history and characteristics of the defendant, the appropriate Sentencing Guidelines range and the purposes of sentencing, such as just punishment, promoting respect for the law, deterrence, protecting the public and rehabilitation. <u>See</u> 18 U.S.C. §§ 3553(a)(2)(A)-(D).

Interpreting the Supreme Court's decision in <u>United States v. Booker</u>, the Second Circuit has held that "sentencing judges remain under a duty with respect to the Guidelines . . . to 'consider' them, along with the other factors listed in section 3553(a)." <u>United States v. Crosby</u>, 397 F.3d 103, 111 (2d Cir. 2005); <u>see</u> 18 U.S.C. § 3553(a). In <u>Gall v. United States</u>, 128 S. Ct. 586, 596 (2007), the Supreme Court explained the proper procedure and order of consideration for sentencing courts to follow: "[A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range. As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." 128 S. Ct. at 596 (citation omitted). Next, a sentencing court should "consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party. In so doing, the court may not presume that the Guidelines range is reasonable. Instead, the court must make an individualized assessment based on the facts presented." <u>Id</u>. at 596-97 (citation and footnote omitted).

2

The "starting point and the initial benchmark" in this case, a Guidelines sentence of 18 to 24 months, is appropriate and reasonable because it provides an individualized sentence that takes into account the seriousness of the defendant's conduct. This was no small drug exchange – the defendant brought nearly a kilo of cocaine into this country. Even if the defendant turned a blind eye and intentionally remained ignorant as to the contents of her suitcase, she knew she would be paid a substantial sum for delivering the loot. The defendant admitted her actions were not only irresponsible, but illegal.

Moreover, the factors in § 3553 support a Guidelines sentence, including the serious nature and circumstances of the crime, the characteristics of the defendant, and the need for the sentence to serve as a deterrence and punishment, one of the primary purposes of sentencing. As such, the government respectfully requests that the Court impose a Guidelines sentence. Such a sentence would reflect the seriousness of the defendant's conduct and provide adequate deterrence to others contemplating similar acts. See 18 U.S.C. § 3553(a)(1), (a)(2)(A), and (a)(2)(B).

IV. Conclusion

For the foregoing reasons, the government respectfully requests that the Court impose a sentence within the Guidelines range of 18 to 24 months' imprisonment.

Respectfully submitted,

ROBERT L. CAPERS
United States Attorney

By:   /s/
Lindsay K. Gerdes
Assistant U.S. Attorney
(718) 254-6155

cc:   Michael Padden, Esq. (by ECF)
      Michelle Espinoza, U.S. Probation Officer (by Email)